UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FELICIA STONE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:20 CV 352 SPM |
| J&M SECURITIES, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant J&M Securities, LLC's ("J&M" or "Defendant") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12). Plaintiffs Felicia and Jerome Stone are judgment-debtors on a 2011 default judgment entered in the Associate Circuit Court of St. Charles County, Missouri. J&M took assignment of the judgment and initiated a post-judgment garnishment proceeding in which J&M filed three garnishment applications in state court in 2018 and 2019. Plaintiffs brought this action in state court alleging that J&M's conduct in connection with the garnishment action violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq. ("FDCPA") (Count 1); violated the Missouri Merchandising Practices Act, §407.020, R.S.Mo. *et seq.* (Count 2); constituted wrongful garnishment under Missouri law (Count 3); and constituted an abuse of process under Missouri law (Count 4). J&M removed the case to this Court and filed the instant motion.

For the reasons stated below, Plaintiffs' petition is legally sufficient as to Counts 1, 3 and 4 but is deficient as to Count 2. As such, I will grant J&M's motion, without prejudice, as to Count 2 and deny the motion in all other respects.

    **I.**    **LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A. Additional Documents Considered

As a preliminary matter, the Court must determine whether, in resolving this motion to dismiss under Rule 12(b)(6), it may consider documents attached as exhibits to J&M's motion to dismiss and Plaintiffs' brief in opposition to the motion. With its motion to dismiss, J&M submitted a copy of a May 16, 2011 default judgment referenced in the petition, a copy of a February 27, 2019 Garnishment Application and Order naming Jerome Stone as debtor ("February 2019 Jerome Garnishment"), and a printout from Case.net, Missouri state court's electronic filing system, reflecting the docket history of the underlying garnishment proceedings (Docs. 13-1, 13-2 & 13-3). Plaintiffs attached to their Memorandum in Opposition a copy of a September 24, 2018 Garnishment Application and Order naming Jerome Stone as debtor ("September 2018 Garnishment"), a copy of the February 2019 Jerome Garnishment, and a copy of a February 27, 2019 Garnishment Application and Order naming Felicia Stone as debtor ("February 2019 Felicia Garnishment"). (Docs. 17-1, 17-2 and 17-3). Plaintiffs also attached to their opposition brief, a copy of an email from J&M's counsel to plaintiffs' counsel threatening to seek Rule 11 sanctions in this case. (Doc. 17-4).

2

The inclusion of matters outside the pleadings may convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "documents necessarily embraced by the complaint are not matters outside the pleading[s]." *Zean v. Fairview Health Servs.,* 858 F.3d 520, 526 (8th Cir. 2017) (*quoting Enervations, Inc. v. Minn. Min. & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). Documents "necessarily embraced by the complaint" include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotation marks omitted).

In this case, Plaintiffs' petition refers specifically to the default judgment and each of the three garnishment applications. It is clear the underlying garnishment action and each of the three garnishment applications and orders are integral to Plaintiffs' claims. In addition, no party has disputed the authenticity of any of the exhibits attached to the parties' submissions. The Court therefore finds that it may consider the default judgment and the three garnishment applications and orders attached to the parties' briefs on the motion to dismiss. The Court takes judicial notice of the printout from Case.net for St. Charles County Circuit Court in which the garnishment applications were filed. *See, e.g., Brakebill v. Jaeger,* 905 F.3d 553, 562 n.5 (8th Cir. 2018) (recognizing "the authority to take judicial notice of a state's official website"). However, the email between counsel attached to Plaintiffs' opposition brief is not a document that is necessarily embraced by the complaint and does not contain information relevant or necessary to the resolution of J&M's motion to dismiss.

Accordingly, in deciding this motion, the Court considers the default judgment, each of the three garnishment applications and orders attached to the parties' respective briefs, and the Case.net print out attached to J&M's brief. The Court does not consider the e-mail between counsel attached to Plaintiffs' opposition brief.

B. **Factual Allegations in the Petition**

The facts, as alleged in the petition and reflected in the exhibits identified above, are as follows:

Plaintiffs were party to a residential lease agreement with lessor, Pontoon Beach Boys, LLC ("Pontoon"). Pontoon sued Plaintiffs in the Associate Circuit Court for St. Charles County, Missouri for amounts owed on the lease (the "Pontoon Case"). On May 16, 2011, Pontoon obtained a default judgment against Plaintiffs in the amount of $3,765.00. The judgment awarded post-judgment interest to Pontoon to accrue at a rate of 10%. Pontoon assigned the judgment to J&M, a debt collector.

On September 24, 2018, J&M filed a garnishment application and order in the Pontoon Case listing Jerome Stone as the debtor ("September 2018 Garnishment"). The garnishment application and order stated that $6,904.92 was the total remaining due, which included the original judgment amount ($3,765.00), $2,924.37 in post-judgment interest, post judgment costs of $169.25 and other service and court fees. This amount of post-judgment interest overstated the maximum amount of interest that could be due and owing in post judgment interest because: (1) If Plaintiffs paid nothing on the $3,765.00 principal judgment balance, the maximum amount of interest accrued is $376.50 per year, or $1.04 per day;[1] (2) between May 16, 2011 (the date of the default judgment) and September 24, 2018 (the date of the garnishment filing), there were 2,688 days for post-judgment interest to accrue; (3) multiplying the 2,688 days by the $1.04 in daily post-judgment interest, $2,795.52 is the maximum amount of post-judgment interest that could accrue by September 24, 2018. As a result, J&M falsely inflated the balance due. J&M sent the garnishment application and order to Plaintiffs in an attempt to deceive them into paying a higher

---

[1] Plaintiffs calculated the maximum daily interest by dividing the $376.50 maximum annual interest by 365, the number of days in a year. The result is 1.0315 in per day post-judgment interest, which Plaintiffs rounded up to $1.04 per day.

4

amount.

On February 27, 2019, J&M filed another garnishment application and order in the Pontoon Case that listed Jerome Stone as debtor ("February 2019 Jerome Garnishment"). This garnishment application and order stated that $6,957.79 was the total remaining amount due, which included the original judgment amount, $2,931.54 in post-judgment interest, post judgment costs of $215.25, and other service and court fees. On the same date, February 27, 2019, approximately twenty-five minutes after filing the February 2019 Jerome garnishment, J&M filed a garnishment application and order in the Pontoon Case that listed Felicia Stone as debtor ("February 2019 Felicia Garnishment"). This garnishment application and order stated that the total remaining amount due was $7,003.79, which included the original judgment amount, $3,099.14 in post judgment interest, post judgment costs of $215.25, and other service and court fees.

On or about January 7, 2020, Felicia Stone called J&M to inquire about how much Plaintiffs still owed. J&M refused to provide Plaintiffs' balance and demanded Felicia Stone first answer J&M's questions about Jerome Stone's current job and whereabouts.

As of January 28, 2020, J&M had collected, through garnishments, a total of $6,612.38 from Felicia and Jerome Stone. Specifically, between March 22, 2019 and April 4, 2019, J&M garnished $409.95 from Jerome Stone. Between April 19, 2019 and January 28, 2020, J&M garnished $6,202.43 from Felicia Stone's wages. It is not entirely clear from the pleadings whether the amounts garnished from Jerome Stone were collected from the September 2018 Garnishment, from the February 2019 Jerome Garnishment, or both. However, based on the Case.net printout summarizing the case history, it appears that on March 13, 2019, before any amounts were garnished from Jerome, J&M filed a "Stmt. Judgment Balance" indicating a balance owed on the September 2018 Garnishment and a "Total Unsatisfied Judgment Balance Remaining" of $7018.23.

5

Plaintiffs allege J&M falsely overstated the amount of debt in the February 2019 Jerome Garnishment but do not specify which amounts in the filing are incorrect. Plaintiffs also assert the remaining amount due of $7,003.70 stated in the February 2019 Felicia Garnishment is also false because the maximum that Plaintiffs could have owed J&M on January 28, 2020, if nothing had ever been paid against the principal judgment amount, is $6,949.28. Plaintiffs further assert J&M falsely claimed that, despite receiving payments from Jerome and Felicia, Plaintiffs still owed $801.36 after January 28, 2020.[2] Plaintiffs assert J&M had been accruing post-judgment interest yearly without any regard for the payments that Plaintiffs made towards the principal amount due, and Plaintiffs would have paid off the judgment prior to the filing of their petition had J&M properly accounted for their payments.

On February 4, 2020, Plaintiffs filed this action in the Associate Division of the Circuit Court of the City of St. Louis, Missouri, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Missouri Merchandising Practices Act, § 407.010 *et seq.* ("MMPA"), wrongful garnishment, and abuse of process. J&M removed this action to this Court on March 4, 2020. The docket history in the Pontoon Case reflects that J&M filed a Satisfaction of Judgment in the state court case on March 23, 2020.  On March 25, 2020, J&M filed the instant motion to dismiss.

### III.   DISCUSSION

#### A. Plaintiffs' Failure To Properly Account For Post-Judgment Costs Is Not A Basis For Dismissal

J&M contends Plaintiffs' petition fails to state a claim because each theory of liability is

---

[2] This allegation does not specify the time frame in which Defendant alleges $801.36 is still owed, but the Court reasonably infers that Defendant claimed $801.36 was still owed after January 28, 2020, at which point $6,612.38 was the total garnished from Plaintiffs Jerome and Felicia Stone.

predicated on the erroneous assumption that J&M improperly accounted for monies paid toward the 2011 judgment. Specifically, J&M argues when calculating what was owed after Plaintiffs made payments, Plaintiffs alleged that their payments should first go directly to post-judgment interest, failing to account for post-judgment costs. However, Missouri's post-judgment interest statute states that "Post-judgment payments or credits shall be applied first to post-judgment costs, then to post-judgment interest, and then to the judgment balance." Mo. Rev. Stat. § 408.040. Thus, under Missouri law, any payments made by Plaintiffs must first be applied to costs before being applied to post-judgment interests.

J&M's position has merit to a point. Plaintiffs' failure to account for costs arising from the garnishment applications means that some of their conclusions regarding amounts owed may not be plausible. However, Plaintiffs claims are based on more than just J&M's alleged failure to properly account for payments. For example, Plaintiffs contend, even before there were any payments for J&M to apply to the balance owed, J&M overstated the amount of post-judgment interest owed in the September 2018 Garnishment and falsely overstated the amount of debt remaining in the February 2019 Jerome and Felicia Garnishments. Indeed, the February 2019 Jerome and Felicia Garnishments reflected two different amounts of claimed post-judgment interest despite the fact that the applications involved the same judgment-debt and despite the fact that the applications were filed less than an hour apart. This discrepancy lends plausibility to Plaintiffs' claim that the amount of post-judgment interest claimed by J&M was inflated or false or misleading.

Plaintiffs also contend J&M engaged in unfair collection practices during the January 7, 2020 call with Felicia Stone and collected payments to which it was not legally entitled. Accordingly, the fact that Plaintiffs' petition fails to properly apply Missouri's post-judgment interest statute is not, standing alone, a basis for dismissal of Plaintiffs' petition.

## B. The Petition Sufficiently States A Claim For Violation of The FDCPA

J&M contends that setting aside Plaintiffs' failure to properly account for post-judgment costs, Count 1 fails to state a claim for FDCPA violations because there are no plausible factual allegations that J&M collected amounts that were not authorized by law; used false statements and misleading representations in connection with the collection of the debt; collected a debt by violating applicable laws relating to enforcement of judgments; and engaged in conduct that abused Plaintiffs and the law pertaining to debt collection.   (Doc. 13, p. 7). J&M also contends (for the first time in its reply brief) to the extent Plaintiffs' FDCPA claim is predicated on the September 2018 Garnishment, it is time-barred.

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors …" *Dunham v. Portfolio Recovery Assocs., LLC,* 633 F.3d 997, 1000 (8th Cir. 2011); *see also* 15 U.S.C. § 1692(e). It broadly "prohibits a debt collector from making a 'false, deceptive, or misleading representation or means in connection with the collection of any debt,'" and "from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Janson v. Katharyn B. Davis, LLC,* 806 F.3d 435, 437 (8th Cir. 2015) (quoting 15 U.S.C. § 1692(e), (f)). These abusive practices often include actions debt collectors undertake to collect debts in court. *Hageman v. Barton*, 817 F.3d 611, 615 (8th Cir. 2016) ("FDCPA claims often involve allegations of misconduct in underlying and completed state-court litigation.").

When a court is evaluating a debt collection communication, it must view it "through the eyes of an unsophisticated consumer." *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767, 771 (8th Cir. 2001). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Service, Inc.,* 380 F.3d 316, 317-18 (8th Cir. 2004) (internal quotations and citations omitted). The standard "protects the uninformed or

8

naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.*

In addition to the general prohibitions, the FDCPA sets forth several specific examples of prohibited actions. For example, §1692(e)(2) prohibits any "false representations of … the character, amount, or legal status of any debt[.]" Section 1692(e)(5) prohibits threats "to take any action that cannot legally be taken or that is not intended to be taken." Section 1692(f)(1) prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Here, accepting the factual allegations contained in the petition (and the exhibits attached to the parties' briefs) as true, and drawing all reasonable inferences in favor of the nonmoving party, I find that Plaintiffs have plausibly alleged that, in attempting to collect on the judgment, J&M violated the FDCPA by making false statements and misleading representations related to the amount of interest and total balance owed in the September 2018 Garnishment and in the February 2019 Jerome and Felicia Garnishments. Even a minor overstatement of interest due in the September 2018 Garnishment and February 2019 Jerome and Felicia Garnishments can constitute an attempt to collect interest or other amounts not permitted by law in violation of § 1692(f)(1). *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000) (finding interest charges overstated by only $1.29, $1.84, and $.65 were still "an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692(f)(1)"). Further, the inconsistent amounts and incorrect calculations in the three garnishment applications and orders could plausibly mislead an unsophisticated consumer and constitute false or misleading representations regarding the character or amount of the debt in violation of § 1692(e)(2).

In its reply brief, J&M contends for the first time that because this action was not initiated

9

until February 4, 2020, Plaintiffs' FDCPA claim is time-barred to the extent Plaintiffs are relying on statements and representations in the September 2018 Garnishment. Indeed, under the FDCPA, 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." *See also Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 260 (8th Cir. 1992). As such, J&M posits, any action predicated on the September 2018 Garnishment needed to be brought no later than September 24, 2019.

J&M is correct that "[f]or statute-of-limitation purposes, discrete violations of the FDCPA should be analyzed on an individual basis." *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017) (quoting *Solomon v. HSBC Mortg. Corp.,* 395 Fed.Appx. 494, 497 (10th Cir. 2010)). "Each alleged violation of the FDCPA is evaluated individually to determine whether any portion of the claim is not barred by the statute of limitations." *Id.* (internal quotation omitted). Accordingly, J&M's filing of the September 2018 Garnishment cannot, standing alone, serve as a basis for Plaintiffs' FDCPA claim.

However, the FDCPA claim does not appear to be based exclusively on the filing of the September 2018 Garnishment. Rather, drawing all inferences in favor of the Plaintiffs, Plaintiffs' FDCPA claim appears to also be based on "Defendant's subsequent conduct" in attempting to collect amounts not authorized. Even where a claim includes assertions of earlier violations, if the plaintiff sues within one year of the violation, the claim is not barred by §1692k(d). *See Demarais,* 869 F.3d at 694 ("It does not matter that the debt collector's violation restates earlier assertions— if the plaintiff sues within one year of the violation, it is not barred by § 1692k(d)."). Here, in addition to the allegations in the petition, the Case.net case summary supplied by J&M reflects that on March 13, 2019, J&M filed a "Stmt. Judgment Balance" indicating a balance owed on the

10

September 2018 Garnishment way in excess of the amount Plaintiffs claim they would have owed at that point. The Case.net summary together with the facts alleged in the petition make plausible Plaintiffs' claims that, less than a year before this lawsuit was filed, J&M engaged in conduct attempting to collect amounts on the September 2018 Garnishment that were not legally authorized.[3]

The petition also plausibly alleges that J&M engaged in unfair tactics in attempting to collect the judgment during the January 7, 2020 telephone call Felicia Stone had with a representative of J&M. Plaintiffs allege Felicia Stone called J&M to ask for the outstanding balance on the account, and Defendant refused to provide the information unless she answered questions regarding Jerome Stone's current job and whereabouts. Felicia Stone's balance inquiry took place after J&M filed and sent Plaintiffs and their employers garnishment filings with inconsistent and incorrect amounts owed. Taking these allegations as true and viewing them under the lens of an unsophisticated consumer, Plaintiffs have stated a claim against J&M for using misleading representations and unfair tactics to collect or attempt to collect a debt or to obtain information concerning a customer.

J&M argues Plaintiffs' claim is conclusory because it is based on unsupported assumptions that J&M was "deceptively hiding a scheme to improperly collect monies from Plaintiffs." J&M also argues that there is no requirement that Plaintiffs be given the judgment balance prior to obtaining location information, or even that a balance must be disclosed at all outside of the validation notice required by § 1692(g). The Court is not persuaded by these

---

[3] J&M may certainly revisit the question of whether the claim is time-barred in a motion for summary judgment if, after additional discovery, it is able to demonstrate that the March 2019 filing was not in fact an attempt to collect on the September 2018 Garnishment. J&M also argues for the first time in its reply brief that no claim can be stated based on the September 2018 Garnishment because any misstatement of post-judgment interest was remedied in the February 2019 garnishment. However, that position is not supported by the petition or the documents that are necessarily embraced by the petition; but can be revisited in a motion for summary judgment if it is supported by the undisputed facts in the case.

arguments. While the FDCPA does not require a debt collector to affirmatively disclose a debtor's judgment balance subsequent to providing the balance in a validation notice, the letter and the spirit of the FDCPA prohibit the use of 'unfair or unconscionable means to collect or attempt to collect any debt" and requires courts evaluating a debt collection communication to view the communication "through the eyes of an unsophisticated consumer." *Freyermuth,* 248 F.3d at 771 (8th Cir. 2001). This standard is "designed to protect consumers of below average sophistication or intelligence" and is intended to "protect the uninformed or naïve consumer." *Strand v. Diversified Collection Service, Inc.,* 380 F.3d 316, 317-18 (8th Cir. 2004) (internal quotations and citations omitted).

For all of the above reasons, Defendant has not shown that a dismissal of Plaintiffs' FDCPA claim is appropriate at this stage of the litigation.

### C. The Petition Fails To Plausibly Allege A Claim For Violations of the Missouri Merchandising Practices Act

To maintain a claim arising under the MMPA, Plaintiffs must plausibly plead that Plaintiffs (1) purchased merchandise (or services); (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss; (4) as a result of an act declared unlawful under the MMPA. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.2d 758, 773 (Mo. banc 2007). J&M challenges Plaintiffs' MMPA claim on two grounds. First, J&M contends the petition fails to plausibly allege unlawful actions and second, in its reply brief, J&M alleges Plaintiffs have failed to plausibly plead that they suffered an ascertainable loss.

The first contention raised by J&M—Plaintiffs failed to plausibly allege unlawful acts—fails for reasons similar to those discussed in the preceding sections of this order. Plaintiffs have plausibly pled misrepresentation and unfair practices related to the inconsistent garnishment filings and phone call. The conduct alleged in the petition sufficiently pleads unlawful practices under the

MMPA. *See* RSMo. § 407.020.1 ("The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise… is declared to be an unlawful practice.").

However, the second contention—that Plaintiffs have failed to plausibly allege an ascertainable loss of money or property to support damages—has merit. J&M contends no monies were garnished as a result of the September 2018 Garnishment and the petition appears to support this contention. Although Plaintiffs allege improper accrual of post-judgment interest, and allege Plaintiffs would have paid off the judgment prior to the filing of their petition had J&M properly accounted for their payments, it is not at all clear what amount Plaintiffs contend is the most they should have paid to satisfy their obligation on the default judgment or how that amount compares to the amounts garnished in toto by J&M. Potential damages are insufficient to establish an MMPA claim. *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 439 (Mo. 2013). Additionally, a plaintiff "fails to plead an ascertainable loss of money or property when the plaintiff does not allege that they have paid more than they owe on their loan." *Cregan v. Mortg. One Corp.*, No. 4:16 CV 387 RWS, 2016 WL 3072395, at *4 (E.D. Mo. June 1, 2016) (where plaintiffs allege they accrued interest and late charges in excess of what should be owed but not how much of the loan balance they have paid to date, they failed to state a claim).

Plaintiffs also allege damages in the form of "the loss of her funds, attorney's fees paid to her counsel, anxiety, frustration, and worry." (Doc. 5, ¶ 42.) However, for purposes of damages under the MMPA, anxiety, frustration, and worry are not recoverable because they do not constitute "an ascertainable loss of money or property." Missouri courts have also found that fees paid to counsel are not considered damages for purposes of the MMPA. *See, e.g., Lester E. Cox Med. Centers, Springfield, MO v. Huntsman,* 2003 WL 22004998, at *9 (W.D. Mo. Aug. 5,

13

2003), *aff'd sub nom. Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005) ("if the Missouri legislature had meant for attorney's fees to be recoverable as damages, it would not have included the attorney's fees provision in the statute").

In sum, Plaintiffs have alleged that they were overcharged, but have not alleged that they paid monies in excess of the true amount owed. Consequently, Plaintiffs' claim for violation of the MMPA will be dismissed because Plaintiffs have failed to plausibly allege an ascertainable loss as required to maintain a claim under the MMPA. Because it is theoretically possible that the complaint could be amended to include additional, specific facts supporting a plausible claim for relief under the MMPA, the dismissal of the claim is without prejudice.

**D.  Plaintiffs' Petition Sufficiently Alleges A Claim For Wrongful Garnishment**

To state a wrongful garnishment claim, a plaintiff must allege "that the garnished property is his property and also must allege abuse or misuse of the garnishment statute." *Howard v. Frost Nat'l Bank*, 458 S.W.3d 849, 854 (Mo. App. E.D. 2015). The parties do not dispute the first element, as Plaintiffs allege their wages were garnished by J&M. With respect to the second element, Plaintiffs argue they sufficiently pled that J&M misused or abused the garnishment statute by inflating post-judgment interest in the September 2018 Garnishment or by filing the conflicting February 2019 Jerome and Felicia Garnishments. The Court agrees that falsely inflating the interest accrued in the garnishment filings meets the abuse or misuse element of the claim.

Once again, J&M argues for the first time in its reply brief that Plaintiffs cannot plead damages suffered, and the garnishment statute cannot be misused if there is no resulting damage to the debtor. However, the petition alleges damages in the form of "monetary loss, the loss of use of funds, embarrassment, stress, and anxiety." J&M cites to no case law to support its contention that Plaintiffs must allege actual damages in order to maintain its claim; nor does J&M direct the Court to any relevant authority regarding the type of damages that are recoverable in a wrongful

garnishment claim. The court's own research suggests that, even in the absence of damages in the form of wrongfully garnished funds, a plaintiff with damages in the form of attorneys' fees resulting from a wrongful garnishment may proceed to trial. *See Pinkstaff v. Hill*, 827 S.W.2d 747, 749 (Mo. App. W.D. 1992) (permitting plaintiff in wrongful garnishment case to proceed to trial to recover attorney fees expended in the original garnishment, litigation expenses, and punitive damages even though defendants repaid plaintiff the wrongfully garnished funds before trial).

Accordingly, the Court finds Plaintiffs have stated a claim for wrongful garnishment.

### E.  Plaintiffs' Petition Sufficiently Alleges Abuse of Process

In Count IV, Plaintiffs allege a state law claim for abuse of process arising from the garnishment applications alleged to have false post-judgment interests. To state a claim for abuse of process, a party must plead 1) an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; 2) done for an improper purpose, and 3) resulting damages. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." *Moss v. Barton*, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *6 (E.D. Mo. Apr. 8, 2016) (internal citations and quotations omitted). An abuse of process claim "is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim. It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process." *Id.*

Defendant argues that Plaintiffs' abuse of process claim fails because they have failed to sufficiently allege that the garnishments were false, so there was no improper use of process. Defendant also argues the improper purpose of "to harass and oppress Plaintiffs and take excess

15

monies from Plaintiffs" is a conclusory allegation unsupported by the facts. Defendant also argues (for the first time in its reply brief) that Plaintiffs damages are not plausible or are speculative.

The Court has already found Plaintiffs have plausibly pleaded that the garnishments were filed with incorrect post-judgment interest. Plaintiffs have alleged that Defendant used the false garnishment applications to harass and oppress Plaintiffs and take excess monies from Plaintiffs. These are certainly improper purposes, and under Rule 8(a)(2), "a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" *Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *15 (E.D. Mo. Sept. 12, 2014) (quoting *Hamilton v. Palm,* 621 F.3d 816 (8th Cir. 2010)) (rejecting the defendant's argument that the alleged improper purpose of "filing suit solely to harass and intimidate plaintiff" was a "legal conclusion[] the Court is free to ignore on a motion to dismiss"). Under this standard, Plaintiffs' allegations satisfy the first two elements.

With respect to the final element of resulting damage, Plaintiffs allege they suffered "actual monetary loss, damaged credit, expenditure of attorney's fees, humiliation, embarrassment, and oppression." These damages are sufficient to bring an abuse of process claim under Missouri law. *See, e.g., Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685, 691 (8th Cir. 2017) (collecting cases) ("The harm of being subjected to baseless legal claims, creating the risk of mental distress" provides the basis for common-law unjustifiable-litigation torts such as abuse of process.); *Hefley v. J & M Sec., LLC*, No. 4:15CV01578 ERW, 2016 WL 2643477, at *1 (E.D. Mo. May 10, 2016) (claim for abuse of process adequately alleged where plaintiff suffered damages related to monetary loss, embarrassment, stress, anxiety, and financial hardship); *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990) (plaintiff was "caused shame, embarrassment, humiliation and mental distress as well as harm to his reputation"). Accordingly, the Court finds Plaintiffs have stated a

claim for abuse of process.

### F. Waiver and Equitable Estoppel

J&M argues that all of Plaintiffs' causes of actions have been waived and Plaintiffs are equitably estopped from bringing them due to failure to comply with Missouri Supreme Court Rule 90.18. Missouri Rule 90.18 provides:

> At any time after service of the summons and writ of garnishment, but not later than 90 days after any specific payment shall have been made by the garnishee to the garnishor with respect to that specific payment, any person against whom such writ has been issued may file with the issuing court a motion setting forth good cause why such garnishment ought to be stayed, set aside, or quashed. Reasonable notice of the time of the hearing on the motion shall be given to all interested parties.

Mo. Sup. Ct. R. 90.18. J&M argues that under Rule 90.18, Plaintiffs' remedy for improperly filing garnishments was to file a motion to quash the garnishment, and Plaintiffs' failure to file a motion in response to the garnishment in the underlying case waives any right to bring the causes of action set forth in the Complaint.

Irrespective of what merit, if any, there may be to J&M's arguments, these arguments raise affirmative defenses which are not the proper subject of a Rule 12(b)(6) motion to dismiss. *See Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised."). Defendant fails to establish that dismissal is appropriate based on Missouri Rule 90.18.

In sum, Plaintiffs' Petition contains enough facts "to raise a right to relief above the speculative level" for Counts I, III, and IV. *See Twombly,* 550 U.S. at 555, 570. Thus, at this stage of the litigation, Defendant has not shown that it is entitled to dismissal of these counts. Defendant is free to raise its arguments in a motion for summary judgment that is properly supported by relevant case law and evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant J&M Securities, LLC's Motion to Dismiss (Doc. 12) is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Memorandum and Order. Plaintiffs' MMPA claim (Count 2) is dismissed, without prejudice. Defendant's motion is denied as to all remaining counts in the Petition.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file an amended complaint within ten (10) days of this Memorandum and Order, to replead Count 2, if they elect to do so. Any amended complaint will completely replace the original petition, and shall conform to all rulings contained in this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2020.