## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA AND JEROME STONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00352-SPM |
| | ) | |
| J&M SECURITIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment on Liability (Doc. 54) and Defendant J&M Securities LLC's Motion for Summary Judgment (Doc. 56). Defendant filed a response to Plaintiffs' Statement of Facts (Doc. 69) and opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. 70), and Plaintiffs filed a Reply to Defendant's opposition (Doc. 72). Plaintiffs filed a Response to Defendant's Statement of Material Facts (Doc. 67) and opposition to Defendant's Motion for Summary Judgment (Doc. 68), and Defendant filed a Reply to Plaintiffs' opposition (Doc. 73). Also before the court is Plaintiffs' Motion to Strike Defendant's Additional Facts in Response to Plaintiffs' Statement of Facts (Doc. 71) and Defendant's opposition to the Motion to Strike (Doc. 74).

After carefully considering the undisputed facts of record, the applicable law and the written submissions of the parties, for the reasons set out below, I will grant Defendant's Motion For Summary Judgment and deny Plaintiffs' Motion For Summary Judgment and Motion to Strike.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

## I.      Background

Plaintiffs Felicia and Jerome Stone are judgment-debtors on a 2011 default judgment entered in the Associate Circuit Court of St. Charles County, Missouri. Defendant J&M Securities ("J&M" or "Defendant") took assignment of the judgment and initiated a post-judgment garnishment proceeding in which J&M filed three garnishment applications in state court in 2018 and 2019. Plaintiffs brought this action in state court alleging that J&M's conduct in connection with the garnishment action violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") (Count 1); violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 *et seq.* ("MMPA") (Count 2); constituted wrongful garnishment under Missouri Law (Count 3); and constituted an abuse of process under Missouri law (Count 4). J&M removed the case to this Court.

Defendant filed a motion to dismiss each of Plaintiffs' claims on the basis that each theory of liability was based on the erroneous assumption that Defendant improperly accounted for monies paid toward the 2011 default judgment. (Doc. 12). The Court granted Defendant's motion in part, dismissing Plaintiffs' Count 2 without prejudice for failure to plausibly allege an ascertainable loss of money or property damage to support damages. (Doc. 39). Subsequently, Plaintiffs filed an amended complaint with a renewed MMPA claim alleging an ascertainable loss of money of approximately $300. (Doc. 44 ¶ 63). Plaintiffs then filed their Motion for Partial Summary Judgment (Doc. 54) and Defendant filed its Motion for Summary Judgment on all counts of Plaintiffs' Petition in response (Doc. 56).

## II.      Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* at 324. "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

"[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Township Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment. *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (citing *Celotex*, 477 U.S. at 324). The inquiry under summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### III.    Undisputed Material Facts[2]

On April 13, 2011, Pontoon Beach Boys, LLC ("PBB") filed suit against Plaintiffs in the Associate Circuit Court of St. Charles County, Missouri. The Affidavit and Statement of Landlord

---

[2] The undisputed facts set forth by the Court are from the allegations in Plaintiffs' Complaint to the extent they are admitted by Defendant in its Answer; from statements in the parties' statements of undisputed material facts supporting their summary judgment motions to the extent they are admitted by the opposing party or parties; and from the uncontradicted record.

Case filed by PBB sought judgment for "its payments with costs" for unpaid rent by Plaintiffs in the amount of $1665.00 for the property located at 10 Sugar Maple Lane, Apt #2, Saint Charles, MO 63303. On May 16, 2011, the Circuit Court of St. Charles County entered a default judgment against Plaintiffs for the same property, for $3,765.00 in unpaid rent, with interest to accrue at 10% the contract rate. Though the default judgment states that PBB shall recover the possession of the apartment, rent in the amount of $3,765.00, and the costs incurred, the judgment did not specify an amount in costs to be recovered. The Circuit Court's writ of execution, issued on May 27, 2011 to the sheriff of St. Charles County likewise orders the sheriff to remove Plaintiffs from the property, notes that they owe the sum of $3,765.00, and unspecified costs plus the sheriff's fees related to execution of the writ. On June 1, 2011, PBB assigned the judgment to J&M and the assignment was filed with the Circuit Court on June 13, 2011. J&M did not move the Circuit Court to enter an order to modify the judgment to specify the amount of costs assessed.

The total pre-judgment costs in the Circuit Court, comprised of a filing fee of $41 for the case, and $95.50 in service fees paid to the St. Charles County Sheriff, totaled $136.50. On June 7, 2011, J&M paid $32.75 to the St. Charles County Sheriff for the service of the writ of execution (Doc. 69-1 at 15). On September 18, 2018, J&M paid a total of $46 in connection with 18-GARN-4221. (Doc. 54-8). On February 25, 2019, J&M paid a total of $92 in connection with 19-GARN-715 and 19-GARN-716. (Doc. 54-9). On May 15, 2019, J&M paid $46 in connection with 19-GARN-2020. (Doc. 54-10). On May 30, 2019, J&M paid $65 in connection with 19-GARN-2184. (Doc. 54-11). Totaling the fees paid by J&M for the writ of execution, and the costs paid on the four aforementioned dates in connection with five different garnishment applications, J&M paid a total of $281.75 in post-judgments costs. Combining $136.50 in pre-judgment costs and $281.75

in post-judgment costs, the total amount of costs was $418.25, which was the total amount of costs that J&M collected from Plaintiffs. (Doc. 54-12).

Dated September 24, 2018, garnishment application and order 18-GARN-4221 lists $3,765.00 as the judgment balance, $2,924.37 as the post-judgment interest, $169.25 as the "judgment costs"—with the "post" preceding the "judgment costs" striked out with pen—, $36.00 as the service fee for the writ, and $10.00 as the garnishment clerk fee surcharge. (Doc. 54-13). The application shows $0.00 in credits applied and a remaining balance of $6,904.92. *Id.*

Dated February 27, 2019, garnishment application and order 19-GARN-715 lists $3,675.00 as the judgment balance, $2,931.54 as the post-judgment interest, $215.25 as the post-judgment costs, $36.00 as the service fee for the writ, and $10.00 as the garnishment clerk fee surcharge. (Doc. 54-16). The application shows $0.00 in credits applied and a remaining balance of $6,957.79. *Id.*

Dated February 27, 2019, garnishment application and order 19-GARN-716 lists $3,675.00 as the judgment balance, $3,099.14 as the post-judgment interest, $261.25 as the post-judgment costs, $36.00 as the service fee for the writ, and $10.00 as the garnishment clerk fee surcharge. (Doc. 54-17). The application shows $0.00 in credits applied and a remaining balance of $7,003.79. *Id.*

Dated May 20, 2019, garnishment application and order 19-GARN-2184 lists $3,675.00 as the judgment balance, $3,028.50 as the post-judgment interest, $353.25 as the post-judgment costs, $36.00 as the service fee for the writ, and $10.00 as the garnishment clerk fee surcharge. (Doc. 54-20). The application shows a credit amount of $2,175.12 and a remaining balance of $5,036.63. *Id.*

Dated June 3, 2019, garnishment application and order 19-GARN-2020 lists $3,675.00 as the judgment balance, $3,014.06 as the post-judgment interest, $307.25 as the post-judgment costs, $36.00 as the service fee for the writ, and $10.00 as the garnishment clerk fee surcharge. (Doc. 54-17). The application shows a credit amount of $1,440.67 and a remaining balance of $5,691.64. *Id.*

Dated December 3, 2019, a Statement of Judgment Balance Remaining Due filed by J&M to the Circuit Court for garnishment 19-GARN-2184, showed no credits received for the reporting period of June 3, 2019 through November 25, 2019, a total of $3,314.24 in payments received through 19-GARN-716, the total due from the garnishment application and order as $5,036.63 with a total unsatisfied judgment balance remaining due as $1,892.07.

On January 7, 2020, Plaintiff Felicia Stone called J&M to find out her current balance, but was unable to obtain that information after an exchange with Shannon Metzger. Felicia Stone identified herself as Ms. Johns, and Metzger was initially unable to verify her social security information. (Doc. 54-25 at 73-75). However, Metzger did eventually verify Felicia Stone's full social security number and date of birth.

Plaintiffs made a total of 39 garnishment payments between April 2019 and March 2020 totaling $7,412.70. (Doc. 54-12). J&M's computer system included a "fee amount" category, which included both pre-and-post-judgment costs, and payments were applied first to fee amounts, then to accrued interest, then to the principal judgment amount. (Docs. 69-7 at 6, 69-9 ¶ 5) Plaintiffs' first payment, dated April 5, 2019 in the amount of $303.79 was entirely applied to the "fee amount" category. Plaintiffs' second payment, dated April 12, 2019 in the amount of $106.16 was allocated as $3.46 going to the fee amount, and the remaining $102.70 was applied to the interest amount. J&M never applied an interest rate of more than 10%, and if the pre-judgment

costs of $136.50 were included in the principal balance, Plaintiffs would have had a remaining balance of $119.82 based on the accrual of additional interest. (Doc. 69-11 at 2). On March 23, 2020, J&M refunded Express Medical Transports, Inc. $1.04 (Doc. 69-2 at 19-20). On that same date, J&M filed a satisfaction of Judgment against Plaintiffs in the Associate Circuit Court of St. Charles County, Missouri, and a Termination of Garnishment for garnishment 19-GARN-716 (Doc. 69-1 at 51-52).

Defendant's expert, Cathy Roper, a certified public accountant, testified that she reviewed the garnishment applications listed above, and found that although there were several discrepancies in the amounts listed in the garnishment applications and the amounts owed, those errors did not affect the actual application of Plaintiffs' payments. Roper found that 18-GARN-4221 overstated the interest amount by $157.87 and the total sum by $0.30. (Doc. 69-9 at 7). Roper found that 19-GARN-716 overstated the interest balance by $167.60, but that overstatement was not reflected in the total due, which reflected the correct amount. *Id.* at 8. Assuming that Defendant was entitled to receive payment for both pre-and-post-judgment costs, Roper determined that under the applicable provisions of Mo. Rev. Stat. § 408.040, the payments were correctly applied first to costs, then accrued interest, then the principal balance, and that the amount paid by Plaintiffs would have been the exact amount required by law. Roper also testified that, if the pre-judgment costs of $136.50 had been included as part of the principal balance rather than included in the fee amount category, Plaintiffs would have had a remaining balance of $119.82. Therefore, at most, Defendant garnished no more from Plaintiffs than it was entitled to under law, and at least, Defendant under-garnished Plaintiffs by $119.82.

## IV.    Discussion

Plaintiffs assert that summary judgment should be granted on their FDCPA claim (Count 1) and their wrongful garnishment state law claim (Count 4) because Defendant made mistakes regarding the post-judgment costs, post-judgment interests, and the total balance due on five separate garnishment applications, misstated the total amount paid by Plaintiffs on a Statement of Balance Due, failed to provide Plaintiff Felicia Stone with a current balance when she called Defendant, and garnished at least $1.04 in excess of what Defendant conceded it was due pursuant to the judgment. Defendant, in responding to Plaintiffs' motion for summary judgment and in moving for summary judgment against Plaintiffs on all counts, argues that it did not over-garnish Plaintiffs' funds, that any mistakes made on garnishment applications did not give rise to a cause of action under FDCPA, that Defendant's refusal to provide information to Felicia Stone over the phone did not constitute a violation of the FDCPA, that Plaintiffs' MMPA claim fails because Plaintiffs have not suffered an ascertainable loss of money or property, and that Plaintiffs' abuse of process and wrongful garnishment claims similarly fail because there is no evidence that Defendant's mistakes on the garnishment applications were more than mere mistakes and no excess funds were taken from Plaintiffs.

### A.    Motion to Strike

The Court will first address Plaintiffs' motion to strike, pursuant to which Plaintiffs seek to strike all "additional facts" put forth by Defendant in response to Plaintiffs' Statement of Facts. Defendant's response to Plaintiffs' Statement of Facts includes 72 "additional uncontroverted material facts." Doc. 69 at 24-33. Plaintiffs argues that Defendant's additional facts do not comply with this Court's local rule regarding a Response to Statement of Material Facts because they fail to identify which of Plaintiffs' facts the additional facts controvert or how the additional facts

controvert Plaintiffs' facts. Plaintiffs therefore assert that Defendant's additional facts are an improper attempt to modify Defendant's Motion for Summary Judgment out of time and without leave of court and asks the Court to strike Defendant's additional facts in their entirety.

Local Rule 4.01(E) states, in relevant part, that a Response to Statement of Material Facts "must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citations(s) to the record, where available, upon which the opposing party relies." E.D. Mo. L.R. 4.01(E). The local rule also states that "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the opposing party. *Id.*

Rule 12 of the Federal Rules of Civil Procedure provides that:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). On its own terms, Rule 12(f) applies only to pleadings and does not apply to motions for summary judgment or a statement of facts accompanying a motion for summary judgment. *Burlington Northern Santa Fe Railway Corp. v. Dakota Missouri Valley and Western Railroad, Inc.*, 347 F. Supp. 2d 708, 727 (D.S.D. 2004) ("Courts have consistently held that the various paper submitted in support of or in opposition to summary judgment motions are not pleadings as contemplated by Rule 12(f)"). Rule 7 sets out the allowable pleadings: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third party complaint, an answer to a third party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a).

While Defendant's response to Plaintiffs' Statement of Facts complies with Local Rule 4.01(E) insofar as the Defendant responds with a denial or objection to each fact to which

Defendant contends a genuine issue exists and makes specific citations to the record where it denies that Plaintiffs' facts are uncontroverted, Defendant also poses additional facts and makes specific citations to the record in support of each of the additional facts. Plaintiffs contend that the additional facts are improper because they do not respond to specific statements in Plaintiffs' Statement of Facts and moves to strike the additional facts posed by Defendant. As the document Plaintiffs seek to strike is not a pleading as defined by Rule 7(a), it falls outside the scope of Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiffs have not argued that Defendant's additional facts in response to Plaintiffs' Statement of Facts are redundant, immaterial, impertinent, or scandalous as would be required by the Rule 12(f) standard, and the Court also notes that Plaintiffs did not specifically admit or deny any of the additional facts alleged by Defendant. Plaintiffs' motion to strike is therefore denied. Additionally, as Plaintiffs have not specifically controverted any of Defendant's additional facts, those facts that are not otherwise controverted—for example, if Plaintiffs controverted an identical fact in Defendant's Statement of Facts accompanying its motion to dismiss—are deemed admitted for the purposes of summary judgment. *See Holschen v. Int'l Union of Painters*, No. 4:07-cv-1455 JCH, 2008 U.S. Dist. LEXIS 85795, at *2 n.1 (E.D. Mo. Oct. 23, 2008) (deeming unobjected-to additional facts as admitted).

### B.    Missouri Law on Recovery of Costs

Plaintiffs' claims that J&M violated the FDCPA, violated the MMPA, and is liable for wrongful garnishment and abuse of process center around J&M's inclusion of $136.50 in prejudgment costs in the "costs" or "post-judgment costs" section in several garnishment applications filed by J&M. Plaintiffs' claims also rest on the resultant application of Plaintiffs' payments and accrual of interest on the judgment balance. Missouri Supreme Court Rule 77.01 ("Rule 77.01") states that "[i]n civil actions, the party prevailing shall recover his costs against the

other party, unless otherwise provided in these rules or by law." Mo. Sup. Ct. R. 77.01. Similarly, the Missouri statutory scheme provides that "[i]n all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Mo. Rev. Stat. § 514.060. While "section 514.060 does not dictate an 'all or nothing' approach to the recovery of costs," the judicial discretion in the apportionment of costs is intended to be exercised "when substantial issues are found against a party" or when a party "fails on a cause of action pleaded by him." *Riggs v. State Dep't of Social Servs.*, 473 S.W.3d 177, 183 (Mo. App. 2015) (quoting *Schumacher v. Mehlberg*, 70 S.W. 910, 911 (Mo. App. 1902)). A trial court's failure to address costs does not preclude recovery by the prevailing party. *Hathaway v. Halley*, 499 S.W.3d 782, 783-84 (Mo. App. 2016).

The undisputed facts in this case demonstrate that judgment was entered against Plaintiffs in the amount of $3,765.00, plus costs incurred. It is also undisputed that pre-judgment costs incurred in the case against Plaintiffs included a filing fee of $41 and $95.50 in service fees paid to the St. Charles County Sheriff, for a total of $136.50. The judgment was assigned to J&M on June 1, 2011, at which point J&M became the judgment creditor entitled to recover costs awarded in the judgment. Under Missouri law, court filing fees are deposited as an initial security for anticipated court costs and are generally recoverable by a prevailing party. *Harrison v. Monroe County*, 716 S.W.2d 263, 265 (Mo. 1986). The filing fee "shall be awarded and collectable as a judgment entered in said suit in favor of the prevailing party making said deposit." Mo. Rev. Stat. § 488.432. Likewise, fees for sheriffs in connection to serving a summons in civil cases are considered taxable court costs. *See* Mo. Rev. Stat. § 57.280 (Sheriff's charges for service and return of summons are court costs); *Hathaway*, 499 S.W.3d at 784 (finding error in denying

summons service fees under Rule 77.01 and § 514.060); *In the Interest of J.P.*, 947 S.W.2d at 444 ("fees for sheriffs" can be specifically taxed as costs under the Missouri statutes).

In this case, Plaintiffs have argued that pre-judgment costs were not authorized by law, that J&M, through its actions, disclaimed pre-judgment costs and wrongfully characterized pre-judgment costs as post-judgment costs. However, there is no dispute that J&M, who stood in the shoes of the judgment creditor, was entitled to recover prejudgment costs, as a matter of law, under Mo. Sup. Ct. R. 77.01 and Mo. Rev. Stat. § 514.060.

C.    Count I – FDCPA Claims

To prevail under the FDCPA, a plaintiff must prove that "(1) she has been the object of collection activity arising from a consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA." *Fisher v. Seterus, Inc.*, 2019 U.S. Dist. LEXIS 195238, *at 6-7 (D. Minn. Oct. 21, 2019). To have standing to bring an FDCPA claim, a plaintiff must be able to show that they suffered a concrete injury in fact. *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 690-91 (8th Cir. 2017). "'A plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* at 691 (quoting *Spokeo*, 578 U.S. at 341). The violation of the statute "must cause a concrete injury," and that concrete injury can be "the risk of real harm." *Id.* (internal quotations omitted). "Where the violation of a procedural right granted by statute creates the risk of real harm, a plaintiff need not allege any *additional* harm beyond the one Congress has identified." *Id.* (internal quotations omitted).

Here, Plaintiffs assert they should be granted summary judgment on the FDCPA claims because Defendant "consistently and repeatedly misrepresented the nature, amount, status, and

character of the debt, engaged in unfair conduct when it refused to provide a correct balance to Plaintiffs, and engaged in oppressive conduct in taking more from Plaintiffs than it could lawfully collect." (Doc. 54). Specifically, Plaintiffs argue Defendant violated Sections 1692(d), 1692(e) and 1692(f) by attempting to collect the incorrect debt amount from Plaintiffs on nine separate occasions, including pre-judgment costs that it failed to include in the default judgment, attempting to collect eviction costs that it "expressly disclaimed in the Order it prepared," overstating post-judgment interest costs, understating the amount of payments collected from Plaintiffs, erroneously allocating and accounting for payments, and engaging in obfuscation of Plaintiffs' accounts in a way that was unfair to Plaintiffs.

Defendant asserts it is entitled to summary judgment on Plaintiff's FDCPA claim, first, because Plaintiffs lack standing. Specifically, Defendant contends that, although Plaintiffs point to several mistakes made on various garnishment applications and a statement of judgment balance, the undisputed facts show that Plaintiffs admittedly took no action related to the alleged mistakes, rarely looked at the documents, and were not injured in a personal or individual way, as would be required to show an actionable injury under FDCPA. Defendant further argues that even if Plaintiffs have standing under FDCPA, the undisputed facts demonstrate it did not violate sections 1692(d) or 1692(f). Defendant also argues that Plaintiffs' section 1692(e) claims should fail because any mistakes alleged were immaterial. The undersigned will address each of these arguments in turn.

### 1.    15 U.S.C. § 1692(d)

Section 1692(d) prohibits debt collectors from engaging in conduct of which the natural consequence is to harass, oppress, or abuse any person in connection with a debt. 15 U.S.C. § 1692(d). The section provides examples of prohibited conduct—such as the use or threat of

violence to harm, the use of obscene language, and repeated or continuous phone calls—which are not exclusive, but instructive for the Court's analysis. *See Bell v. Portfolio Recovery Assocs., LLC*, No. 0:18-cv-1027. 0:18-cv-1028, 2018 U.S. Dist. LEXIS 161500, at *7 (D. Minn Sept. 21, 2018). The conduct explicitly prohibited by section 1692(d) can be described as affirmative acts by a debt collector which cause harm to a person in connection with a debt, whether that be infliction of violence, coercion, annoyance, or other physical or mental harm. While the Eighth Circuit has not addressed what conduct, other than those violations explicitly defined in the statute, is within the purview of section 1692(d), other circuit courts have expressed that for conduct to be prohibited by section 1692(d), it is not enough that it causes "'embarrassment, inconvenience, and further expense.'" *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (quoting *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985)). *See also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Instead, "the debt collector's conduct must manifest a 'tone of intimidation.'" *Miljkovic*, 791 F.3d at 1305.

The undisputed facts in this case do not arise to conduct prohibited under section 1692(d). Specifically, Felicia Stone called J&M on January 7, 2020 to find out her balance; J&M's agent Shannon Metzger answered the phone and ultimately did not provide Felicia Stone with a current balance because Stone appeared to provide the wrong social security number, identified herself using the name "Johns," and refused to provide address information to verify her identity. Plaintiffs contend that "this is precisely the type of oppression that Section 1692(d) was designed to prevent," but have cited no case law or illustrative examples which would place the undisputed events within the purview of affirmative acts prohibited by section 1692(d). Plaintiffs have also failed to set forth specific facts showing that they suffered concrete injury from the alleged violation.

Plaintiffs are not entitled to summary judgment on their section 1692(d) claim because they have failed to demonstrate they suffered concrete harm and cannot show that they could prevail on their claim. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' section 1692(d) claim.

### 2.    *15 U.S.C. § 1692(e)*

Section 1692(e) prohibits debt collectors from using any "false, deceptive, or misleading presentation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). In particular, the section prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692(e)(2)(A). In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692(e), the letter must be viewed through the eyes of an unsophisticated consumer. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (citing *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000)). Even if a statement is actually false, "if a statement would not mislead the unsophisticated customer, it does not violate the FDCPA even if it is false in some technical sense." *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 438 (8th Cir. 2015) (internal citations and quotations omitted). The Eighth Circuit has held that, for claims brought under section 1692(e) and its subsections, injury-in-fact must meet the materiality requirement. *Hill v. Accounts Receivable Servs.*, 888 F.3d 343, 346 (8th Cir. 2018). "An untrue statement is immaterial if it does not 'undermine' an unsophisticated consumer's ability to choose intelligently between two options to resolve the debt." *Lantry v. Client Servs.*, 2019 U.S. Dist. LEXIS 129140, at *9 (E.D. Mo. Aug. 2, 2019) (citing *Hahn v. Triumph Partnerships, LLC*, 557 F.3d 755, 757 (7th Cir. 2009); *Hill*, 888 F.3d at 346). Information that neither contributes nor undermines the consumer's ability to choose between two options does not violate section 1692(e) because it is not actionable. *Hill*, 888 F.3d at 346.

Plaintiffs argue that Defendant "botched the debt amount" by overstating the post-judgment costs that it could have collected on four garnishment applications, overstating the amount of interest due, understating the payments that Plaintiffs had made towards their debt, and by misstating the total amount due on garnishment application 19-GARN-716. Plaintiffs assert that because the post-judgment interest cost was overstated by $136.50 plus the eviction cost of $32.50,[3] the post-judgment interest amount was inflated by at least $215.00. Plaintiffs cite to *Womble v. Barton*, No. 4:15-CV-734 JMB, 2015 U.S. Dist. LEXIS 1627776 (E.D. Mo. Dec 4, 2015), for the proposition that the false representation of an amount due made in a legal pleading renders summary judgment appropriate against the debt collector and in favor of the consumer in a section 1692(e)(2) claim. However, Plaintiffs' reliance on *Womble* is misplaced because the undisputed facts in this case demonstrate that although Defendant may have made a mistake in how it characterized the costs to be assessed, it did not falsely represent that it was entitled to collect prejudgment costs. Indeed, the uncontroverted facts suggest that the error may have resulted in an undergarnishment of $119.82.

In addition, the undisputed facts establish that Plaintiffs' section 1692(e)(2) claim cannot prevail because they did not suffer material harm. As noted above, the Eighth Circuit Court in *Hill* clearly established that any claim under a subsection of section 1692(e) must allege that the purportedly misleading information affected the consumer's choices, and Plaintiffs have not established by uncontroverted fact that the amount due or their payments made were affected by the mischaracterizations that they alleged. Instead, the undisputed facts establish that, at most, Defendant over-garnished $1.04, which was refunded to Plaintiffs, and that Defendant potentially

---

[3] The Court notes that the undisputed facts establish that the "eviction cost," or the cost for the writ of execution of judgment was $32.75. (Doc. 69-1 at 15).

under-garnished Plaintiffs by $119.82. As such, Plaintiffs have not shown that they suffered concrete harm that would support standing for their section 1692(e) claim. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' section 1692(e) claim.

### 3.      15 U.S.C. § 1692(f)

Section 1692(f) prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). The section includes a non-exclusive list of conduct that violates the section, including the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1). Although the Eighth Circuit has previously recognized relatively minor violations of state law collection claims under section 1692(f)(1), it has also cautioned that the FDCPA was not meant to convert every violation of state debt collection into a federal violation. *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 647 (8th Cir. 2021) (internal citations and quotations omitted). Section 1692(f)(1) "protects consumers from being subjected to attempts to collect debts not owed." *Id.* (citing *Demarais*, 869 F.3d at 691, 699). Accordingly, the Eighth Circuit has permitted section 1692(f)(1) claims to proceed "where a debt collector sought to collect interest that was not available under the applicable law," but has also "affirmed the dismissal of §1692(f)(1) claims where the collector sought to collect interest whose availability at the time was legally uncertain." *Id.* at 647-48.

Plaintiffs argue that Defendant violated section 1692(f) because it overstated the amount of post-judgment costs in four garnishment applications, overstated the amount of interest it could have collected on three separate occasions, understated the amount of payments that Plaintiffs had

made toward paying off their debt, incorrectly understated the total costs in another garnishment application, and failed to provide Plaintiffs' balance when Felicia Stone called Defendant.

Plaintiffs' arguments are unavailing because Plaintiffs have not shown that they suffered concrete injury from alleged misstatements of balances, interest, payments, and Defendant's refusal to provide a balance over the telephone. Further, Plaintiffs have not shown that Defendant attempted to collect a debt that was not owed under section 1692(f). As Plaintiffs cannot show a section 1692(f) violation and have failed to demonstrate that they suffered concrete injury, Defendant is entitled to summary judgment on this claim.

      D.     <u>Count II – Missouri Merchandising Practices Act</u>

In Count II, Plaintiffs allege Defendant violated the Missouri Merchandising Practices Act. Section 407.020 of MMPA prohibits the "act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose . . . . in or from the State of Missouri." Mo. Rev. Stat. § 407.020. The statute defines merchandise as including "real estate or services." Mo. Rev. Stat. § 407.010. Section 407.025 provides a private cause of action for "[a]ny person who purchases or leases merchandise primarily for personal, family, or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice, declared unlawful by section 407.020." Mo. Rev. Stat. § 407.025.1.

To prevail on an MMPA claim, Plaintiffs must plead and prove (1) the purchase of goods or services, (2) for personal or household purposes; and (3) an ascertainable loss of money or property; (4) resulting from or caused by the use or employment by another person of a method,

act, or practice declared unlawful under the MMPA. *Murphy v. Stonewall Kitchen, LLC*, 503

S.W.3d 308, 311 (Mo. App. 2016) (citing *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d

758, 773 (Mo. 2007) (en banc)); Mo. Rev. Stat. § 407.025.1. The "act, use, or employment by any

person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or

the concealment, suppression, or omission of any material fact in connection with the sale or

advertisement of any merchandise in trade or commerce or the solicitation of any funds for any

charitable purpose . . . . in or from the State of Missouri" is unlawful under the statute. Mo. Rev.

Stat. § 407.020.

Notwithstanding Plaintiffs' allegations of an ascertainable loss of money resulting from

Defendant's conduct, as discussed above, it is undisputed that Defendant garnished no more than

was owed, and Plaintiffs suffered no concrete injury because of the garnishment applications filed

by Defendant. The undisputed evidence establishes that Plaintiffs have not suffered an

ascertainable loss because of Defendant's actions. Plaintiffs have not demonstrated concrete injury

that would confer standing. Without a showing of ascertainable loss, Plaintiffs cannot prevail on

their MMPA claim. Accordingly, Defendant is entitled to summary judgment on Plaintiffs'

MMPA claim.

    E.   <u>Counts III and IV – Wrongful Garnishment and Abuse of Process</u>

To prevail on an abuse of process claim, a plaintiff must show: "(1) the present defendant

made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the

process; (2) the defendant had an improper purpose in exercising such illegal, perverted or

improper use of process; and (3) damage resulted." *Trs. of Clayton Terrace Subdivision v. 6

Clayton Terrace, LLC*, 585 S.W.3d 269, 277 (Mo. 2019) (en banc) (citing *Ritterbusch v. Holt*, 789

S.W.2d 491, 493 (Mo. 1990) (en banc)). "Stated another way, the test as to whether there is an

abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." *Ritterbusch*, 789 S.W.2d at 493 n.1. "Abuse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or . . . knowingly brought the suit upon an unfounded claim," and "[n]o liability attaches where a party has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil a motive he possessed at the time." *Howard v. Youngman*, 81 SW.3d 101, 118-19 (Mo. App. 2002) (internal citations and quotations omitted).

To establish a wrongful garnishment claim, "a plaintiff must allege that the garnished property is his property and also must allege abuse or misuses of the garnishment statute." *Howard v. Frost Nat'l Bank*, 458 S.W.3d 849, 854 (Mo. App. 2015).

Here, the undisputed facts establish that Defendant did, in fact, overstate the interest amount and total sum in garnishment application 18-GARN-4221, and the interest balance in garnishment application 19-GARN-716. However, the undisputed facts also establish that those errors did not affect Defendant's application of Plaintiffs' payments, and that Defendant did not over-garnish Plaintiffs. Consequently, Plaintiffs cannot show that Defendant did anything more than pursue garnishment to its authorized conclusion, and therefore it cannot show that Defendant committed abuse of process or otherwise abused or misused the garnishment statute. Therefore, Defendant is entitled to summary judgment on Plaintiffs' abuse of process wrongful garnishment claims.

## V.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **DENIED**. (Doc. 54).

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. 56).

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED with prejudice.** (Doc. 1).

An appropriate order and judgment of dismissal will accompany this memorandum and order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2021.