**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FELICIA AND JEROME STONE, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   Case No. 4:20-cv-00352-SPM |
| J&M SECURITIES, LLC, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Reconsider, Correct, and Remand (Doc. 87) the Court's September 30, 2021 Judgment (Doc. 86) dismissing Plaintiffs' Complaint with prejudice. Plaintiffs seek reconsideration of the Judgment on the grounds that 28 U.S.C. § 1447(c) requires that the Court remand an action to the originating state court where it finds that the district court lacks subject matter jurisdiction. Defendant filed a response in opposition to Plaintiffs' Motion. (Doc. 88). I have carefully considered the controlling law and the parties' arguments and, for the reasons discussed below, I find that Plaintiffs' Motion to Reconsider, Correct and Remand should be granted.

### I.  BACKGROUND

Plaintiffs originally filed this case in the Circuit Court for the City of St. Louis, Missouri asserting federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), and state claims including violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 *et seq*., abuse of process, and wrongful garnishment. (Doc. 1-2). Defendant removed the case to this Court on March 4, 2020, based on federal question jurisdiction (Doc. 1). Plaintiffs filed a motion for partial summary judgment, and Defendant filed a motion for

summary judgment. In seeking summary judgment, Defendant argued, in part, that Plaintiffs lacked standing to bring their claims under the FDCPA because they had not suffered, and there was no evidence to suggest they had suffered, any concrete harm because of Defendant's alleged conduct. (Docs. 57 & 63). This Court's Memorandum and Order, incorporated in the September 30, 2021 Judgment, granted Defendant's Motion for Summary Judgment, and dismissed Plaintiffs' Complaint in its entirety, with prejudice. (Doc. 85). The Court granted summary judgment in favor of Defendant, in part, because Plaintiffs failed to demonstrate that they suffered concrete harm from Defendant's alleged violations of the FDCPA and therefore lacked standing on those federal claims. *Id*. at 15-18. On October 4, 2021, Plaintiffs filed the instant motion contending that remanding the case to state court was the Court's only option once it determined Plaintiffs lacked standing on the federal claims under the FDCPA, and it was error for the Court to rule on and dismiss Plaintiffs' state law claims, with prejudice. (Doc. 87). Plaintiffs requested that the Court "correct its error and amend the judgment such that Plaintiffs' claims are immediately remanded to the Circuit Court for the City of St. Louis as required by 28 U.S.C. § 1447(c)[.]" *Id.*

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Typically, federal courts treat such motions as a motion to alter or amend under Fed. R. Civ. P. 59(e) or 60(b). *Id*. (citing *Spinar v. S. Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)). "When the moving party fails to specify the rule under which it makes a post judgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess, subject to the hazards of the unsuccessful moving party losing the opportunity to present the merits underlying the motion to an appellate court because of delay." *Sanders*, 862 F.2d at 168.

Rule 60(b)(1) provides relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Motions under Rule 60(b) are viewed with disfavor and exist "to prevent the judgment from becoming a vehicle of injustice" and to provide for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam) (citing *Farmers Co-Operative Elevator Ass'n Non-Stock of Big Springs v. Strand*, 382 F.2d 224, 232 (8th Cir. 1967), cert. denied, 389 U.S. 1014 (1967)). In the Eighth Circuit, Rule 60(b)(1)'s relief for mistake refers to mistakes by a party, and "'relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence'" is not available. *Lowry v. McDonnell Douglas, Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000) (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)). Because Plaintiff's motion seeks relief for alleged judicial error other than judicial inadvertence, Plaintiffs are not entitled to relief under Rule 60(b)(1).

"Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Yeransian v. B. Riley FBR, Inc.* 984 F.3d 633, 636 (8th Cir. 2021) (quoting *Ryan v. Ryan,* 889 F.3d 499, 507 (8th Cir. 2018)). District Courts have broad discretion in determining whether to alter or amend a judgment under Rule 59(e). *Ryan*, 889 F.3d at 507-08. In this case, Plaintiffs' motion can reasonably be characterized as a request for this Court to correct a manifest error of law—relief that is clearly authorized under Rule 59(e).

3

**III.    DISCUSSION**

The central issue raised by Plaintiffs' motion is whether it was a manifest error of law for this Court to rule on the merits of Plaintiffs claims once it determined that Plaintiffs lacked Article III standing on their FDCPA claims. "When it becomes clear a case originally filed in federal court does not belong there because the plaintiffs lack Article III standing, generally the appropriate remedy is to dismiss *without prejudice*." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (citing *Constitution Party of S.D. v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011)). "If, on the other hand, the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the state court from whence it came." *Id*. (citing 28 U.S.C. § 1447(c)). *See also St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500, 505 (8th Cir. 2018) (noting that *Wallace* and *City of Kansas City v. Yarco Co.*, 625 F.3d 1038 (8th Cir. 2010) establish the law of the circuit regarding 28 U.S.C. § 1447(c)). Where a removed action presents both federal and state claims, and the court finds that a plaintiff lacks Article III standing on their federal claim(s), the court may not exercise supplemental jurisdiction over the remaining state claims and the entire case must return to state court, including the federal claim(s). *See Yarco*, 625 F.3d at 1041.

Defendant argues that remand is not proper in this instance because the Court made numerous legal and factual determinations on the merits that did not rely upon standing, and as such, Plaintiffs' claims "were not dismissed due to a lack of standing[.]" (Doc. 88 at 2). Defendant further argues that remand is inappropriate because a ruling on summary judgment is a final judgment on the merits, and the language of 28 U.S.C. § 1447(c) is explicit that the court shall remand a case if it determines that it lacks subject matter jurisdiction "at any time before final judgment[.]"

4

Defendant employs *Wheeler v. Am. Profit Recovery, Inc.,* Case No. 4:15-cv-368 RLW, 2017 U.S. Dist. LEXIS 160887, at *13 (E.D. Mo. Sept. 29, 2017) in support of its argument that dismissal, rather than remand, is warranted. Relying on the Eighth Circuit's ruling in *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783 (8th Cir. 2012), the court in *Wheeler* held dismissal was appropriate where a Plaintiff failed to establish concrete injury under the FDCPA in response to a motion for summary judgment. *Wheeler,* 2017 U.S. Dist. LEXIS 160887, at *13. However, Defendant's reliance on *Wheeler* and other cases employing the reasoning of *Hargis* is misplaced.

In a subsequent decision, the Eighth Circuit noted that *Hargis* "did not squarely address the effect of the removal statute" and clarified that the Eighth Circuit's reasoning in *Wallace* and *Yarco* "squarely address the remand issue, . . . establish the law of the circuit[,]" and "the lack of federal jurisdiction does not obviate the remand requirement of § 1447(c)." *Nomax*, 899 F.3d at 505. *See also Browning v. Apex Physical Therapy*, No. 4:19-cv-2396 JAR, 2021 U.S. Dist. LEXIS 53772 (E.D. Mo. March 22, 2021) (remanding to state court after finding a lack of subject matter jurisdiction on summary judgment motion); *Presswood v. Pernix Therapeutics Holdings*, No. 4:15-cv-592 NAB, 2017 U.S. Dist. LEXIS 160884 (E.D. Mo. Sept. 28, 2017) (amending judgment and remanding to state court on Rule 59(e) motion).

As such, the statute and case law are clear that in removed cases lacking subject matter jurisdiction the Court must remand the case. Although Plaintiffs did not argue that the Court should remand this action rather than dismiss it in the course of their responses to Defendant's arguments regarding standing, because the Court found that Plaintiffs lacked standing to bring their FDCPA claims, the Court never had jurisdiction over Plaintiffs' claims, and it was manifest error to rule on the merits of those claims. To correct that error, this case must be remanded to the state court

5

from which it was removed. *See Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016) (citing *Wallace*, 747 F.3d at 1032).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider, Correct and Remand pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court for the 22nd Judicial Circuit, City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(c) for all further proceedings.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** without prejudice as moot.

An amended Judgment remanding this action will be filed contemporaneously with this Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of January, 2022.