**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FELICIA AND JEROME STONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00352-SPM |
| | ) | |
| J&M SECURITIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER VACATING THIS COURT'S**
**JUDGMENT AND MEMORANDUM OPINION ENTERED**
**ON JANUARY 26, 2022**

On January 26, 2022, the undersigned entered an order amending this Court's judgment dated September 30, 2021 and remanding this action to the Circuit Court for the 22nd Judicial Circuit (the "Amended Judgment") (Docs. 96 & 97). Since that time, Defendant has filed a Motion to Correct a Manifest Error in Law (Doc. 101) and a Motion to Stay a ruling on Plaintiffs' motion for Attorneys Fees (Doc. 104). Plaintiffs have filed a Motion for Attorney's Fees (Doc. 98) and a Motion for Bill of Costs (Doc. 99). The parties have also filed motions requesting an extension of time to respond to pending motions. (Docs. 106 & 109).  After carefully considering the parties' written submissions and the entire record before the Court, I find that this Court lacked jurisdiction to enter the Amended Judgment and, for the reasons set out below, I will grant the Defendant's Motion to Correct Manifest Error in Law.

In its Motion to Correct a Manifest Error in Law, Defendant contends this Court lacked jurisdiction to enter the Amended Judgment because, at the time the Amended Judgment was entered, Plaintiffs had appealed the same issues raised in their post-judgment motion to the Eighth Circuit Court of Appeals. Indeed, following this Court's entry of Judgment in Defendant's favor on September 30, 2021, Plaintiffs filed a Motion for Reconsideration on October 4, 2021 (Doc. 87). While briefing was underway, on October 26, 2021, Plaintiffs filed their notice of appeal of the Judgment, and the appeal was certified on October 27, 2021. Plaintiffs' Statement of Issues filed with the appellate court names the precise issue that was before this Court in Plaintiffs' Motion for Reconsideration. Plaintiffs' submissions to the appellate court failed to make mention of the posttrial motion pending before this Court.

As Defendant correctly recites, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Liddell by Liddell v. Bd. of Educ.,* 73 F.3d 819, 822 (8th Cir. 1996) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982)). This is because the "continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of

2

inconsistent handling of the case by two tribunals." *Id.* (*quoting McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158 (10th Cir. 2005)).

As Defendant (again) correctly points out, to avoid divesting the district court of jurisdiction over their motion, the "appropriate course of action" would have been for Plaintiffs to ask the appellate court to "hold the appeal in abeyance." (Doc. 102, at p.5). "[H]old[ing] an appeal in abeyance while the district court rule[s] on [a party's] posttrial motions permit[s] the prematurely filed notice of appeal to be perfected." *Life Plus Int'l v. Brown*, 317 F.3d 799, 805 (8th Cir. 2003) (*citing* Fed. R. App. P. 4(a)(4)(B)(i)); *see also EEOC v. Rath Packing Co.*, 787 F.2d 318, 323 (8th Cir. 1986) (a ruling on a posttrial motion filed by the Appellants was only appropriate when the Appellants held the appeal in abeyance to allow for the ruling to be certified).

Plaintiffs did not follow the appropriate course of action in this case. As a result, Plaintiffs divested this court of jurisdiction when they appealed identical issues raised in their post-judgment motion and failed to hold the appeal in abeyance pending a ruling by this Court on the post-judgment motions. Consequently, the Court's Amended Judgment which, essentially, granted Plaintiffs' Rule 59(e) motion, was rendered null and void. *Leadership Conference on Civil Rights v. Gonzales*, 421 F. Supp. 2d 104, 107 (D.D.C. 2006) ("A district

3

court may deny, but cannot grant, a Rule 59(e) motion pending after the filing of a notice of appeal.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Correct a Manifest Error in Law (Doc. 101) is **GRANTED.**

**IT IS FURTHER ORDERED** this Court's Amended Judgment (Doc. 97) and Memorandum Opinion and Order (Doc. 96) are **VACATED** and this Court's Judgment (Doc. 86) and Memorandum Opinion and Order (Doc. 85) are hereby **REINSTATED** as the Final Judgment of this Court.

**IT IS FINALLY ORDERED** that all other pending motions in this case are **DENIED** as moot.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of March, 2022.