# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| FELICIA AND JEROME STONE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 4:20-cv-00352-SPM |
| | ) |
| J&M SECURITIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Determination (Doc. 114), in which Plaintiff requests a ruling on its earlier-filed Motion for Costs and Attorneys' Fees (Doc. 98). For the following reasons, the Motion for Determination will be granted, and the Motion for Costs and Attorneys' Fees will be denied.[1]

## I.    BACKGROUND[2]

Plaintiffs filed the original petition in this case in the Circuit Court for the City of St. Louis, State of Missouri, alleging one claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and three claims under Missouri state law. On March 4, 2020, Defendant removed the case to this Court based on federal question jurisdiction, asserting that this Court had jurisdiction over the FDCPA claim pursuant to 28 U.S.C. § 1331 and had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. On March 25, 2020, Defendant filed a

---

[1] Defendant has filed a Motion for Briefing Schedule asking for 30 days to file an opposition to this motion. Because the Court finds that the motion should be denied even without a response, the Court will deny this motion as moot.

[2] This case involves a somewhat complicated procedural history, but this Memorandum and Order contains only the procedural history most relevant to Plaintiffs' motion for costs and attorneys' fees.

motion to dismiss Plaintiffs' claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted the motion with respect to one of Plaintiffs' state claims but denied the motion in all other respects. Over the next several months, the parties engaged in discovery, motion practice, and alternative dispute resolution. On February 1, 2021, Defendant filed a motion for summary judgment in which it argued, *inter alia*, that Plaintiffs lacked standing to bring their claims under the FDCPA because they had not suffered any concrete harm and thus had no injury in fact. The Court initially entered judgment dismissing all of Plaintiffs' claims with prejudice. Subsequently, on Plaintiffs' motion for reconsideration, the Court entered an amended judgment remanding the case to state court. On a motion by Defendant, the Court later vacated the amended judgment and reinstated the original judgment. Plaintiffs appealed, and with respect to Plaintiff Felicia Stone's claims, the Eighth Circuit reversed this Court's ruling and directed the Court to reinstate the amended judgment and remand this case to state court.[3] On January 23, 2023, the Court entered an order reinstating the amended judgment as to Felicia Stone's claims and remanding this case to state court. The instant motion remains pending.

## II. DISCUSSION

In their Motion for Costs and Attorney's Fees, Plaintiffs argue that Defendant had no objectively reasonable basis for seeking removal and that therefore Plaintiffs should be awarded attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Defendant has not filed a response.

The Court first finds that although this case this case has already been remanded to state court, this Court retains jurisdiction over the motion for costs and fees. *See, e.g., PNC Bank, N.A.*

---

[3] Plaintiff Jerome Stone died while the appeal was pending. The Eighth Circuit denied Felicia Stone's motion to substitute herself for Jerome and dismissed Jerome Stone's appeal.

*v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("[E]ven after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards."); *Walker v. Lion Oil Trading & Transp.,* LLC, No. 13-CV-01080, 2014 WL 5363862, at *1 (W.D. Ark. Oct. 21, 2014) (rejecting the argument that the court lacked jurisdiction to award attorney's fees after entry of a remand order); *Atkison v. Steak & Shake of Hampton, Inc.*, No. 4:05-CV-1507 CAS, 2006 WL 8461284, at *1 (E.D. Mo. Feb. 23, 2006) (collecting cases and stating, "A court retains jurisdiction to award attorney's fees even after remand, as the award of fees is a collateral matter.").

The Court next turns to the merits of the motion for costs and fees. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (internal quotation marks omitted). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.*

Here, the Court finds that Defendant had an objectively reasonable basis for removing this case to federal court, because Plaintiffs asserted a claim under the FDCPA. "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Id.* at 483 (8th Cir. 2015) (quoting *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998)). *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(a), ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Because Plaintiffs asserted a claim under the FDCPA, a federal statute, Defendant had an objectively reasonable basis for removing the case to federal court.

Plaintiffs contend that Defendant did not have an objectively reasonable basis for removal, because "Defendant removed this case to this District Court to pursue an aggressive strategy of arguing that the Stones lacked standing" and because "Shortly after Defendant removed the case, Defendant moved to dismiss the case claiming the Court was without subject-matter jurisdiction as the Stones had suffered no injury in fact." Mem. Supp., Doc. 99, at 4. Plaintiffs rely on two cases to support this argument. In *Morgan v. Bank of Am., N.A.*, No. 2:20-CV-00157-SAB, 2020 WL 3979660 (E.D. Wash. July 14, 2020), the defendant removed a case including FDCPA claims to federal court, the defendant immediately moved to dismiss the plaintiff's claims for lack of standing under Rule 12(b)(1) due to a lack of injury in fact, the plaintiff conceded that he had not alleged an injury in fact that would satisfy Article III, and the court remanded the case. *Id.* at *1-*2. In awarding fees and costs, the court stated, "The Court has no trouble concluding that Defendant lacked 'an objectively reasonable basis for seeking removal where it is acknowledged by both parties that this Court lacks jurisdiction over this case." *Id. See also Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016) (finding no objectively reasonable basis for removal where the defendant removed the case and then a month later sought to dismiss the case for lack of standing; stating, "it should have been obvious to defendant . . . the only possible outcome was for the case to end up right back where it started: in state court" and "defendant tried

4

to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c))".

Plaintiffs' argument is unpersuasive, as is their reliance on *Morgan* and *Mocek*. Here, unlike the removing defendant in *Morgan* and *Mocek,* Defendant did *not* remove the case and then immediately argue that the Court lacked subject matter jurisdiction. Defendant did file a motion to dismiss Plaintiffs' claims shortly after removal, but that motion was one for failure to state a claim pursuant to Rule 12(b)(6), not one for lack of jurisdiction. In the briefing on that motion, Defendant did not argue that Plaintiffs did not have "standing" or that Plaintiffs had not suffered an "injury in fact," nor did it mention "jurisdiction" or Rule 12(b)(1); instead, it argued that Plaintiffs had failed to state a claim because their theory of liability was flawed and because Defendant had not attempted to collect any amount not authorized by law. Defendant did eventually raise the issue of lack of standing in its motion for summary judgment, but that argument was raised after nearly a year of litigation, including extensive discovery and alternative dispute resolution. The fact that Defendant eventually raised a standing as an issue in the case does not undermine the fact that at the time of the removal, Defendant had an objectively reasonable basis for the removal. Thus, Plaintiffs' motion for fees and costs pursuant to 28 U.S.C. §1447(c) will be denied.

III.    CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Determination (Doc. 114), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Costs and Attorneys' Fees (Doc. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Briefing Schedule (Doc. 125) is **DENIED** as moot.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2023.